UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAHNDEL GREEN,<br><br>    Defendant. | Magistrate No. 06-0016<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I.  INTRODUCTION**

Defendant is charged by criminal complaint with unlawful possession of a firearm following conviction of a felony in violation of 18 U.S.C. § 922(g)(1).  A consolidated preliminary and detention hearing was conducted by the undersigned United States Magistrate Judge on January 17, 2006.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

**II.  THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v.

United States v. Green                                                                                                                                   2

Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3rd Cir.1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance."  United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

### III. DISCUSSION

The government's sole witness was Officer Keith Raynor of the Metropolitan Police Department Street Crimes Unit.  Officer Raynor testified that on January 11, 2006, police officers conducted a traffic stop in the 3300 block of Benning Road, N.E. of Defendant's Ford Expedition.  Officer Raynor testified that the windows on the vehicle were tinted, and that the purpose of the traffic stop was to determine whether the window tint conformed with District of Columbia law.  Upon approaching the driver's side of the vehicle, Officer Raynor noticed a small

United States v. Green                                                                                                                3

bottle of Remy Martin alcohol in the back seat and in a cup holder, a styrofoam cup with a liquid which appeared to be the same color as that of the alcohol in the small bottle.  Additionally, Officer Raynor testified that he could smell alcohol coming from the vehicle as he approached.  Officer Raynor asked Defendant to exit the car, and then searched the Defendant.  Officer Raynor testified that a 9mm semi-automatic handgun was discovered in Defendant's waistband during the search.     In further support of the government's request for pretrial detention, counsel for the government proffered the contents of the report prepared by the Pretrial Services Agency.  The report indicates that Defendant has prior convictions for armed robbery and possession of a controlled substance with intent to distribute.

   Defendant submitted on probable cause.  Through counsel, Defendant proffered that he owned his own cleaning business and production company.  In addition, Defendant proffered that his wife and mother were in court to serve as third-party custodians.  Defendant further proffered that he was not accused a crime of violence and has lived in the District of Columbia area his entire life.  Furthermore, Defendant proffered that he was convicted for armed robbery at a very young age and qualified for early termination in both his prior convictions because of his successful cooperation with his conditions of supervised release and probation.  Defendant requested that he be placed in the heightened supervision program.

## IV.  FINDINGS OF FACT

   Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that Defendant was in possession of a loaded semi-automatic handgun.

United States v. Green 4

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, while Defendant has some ties to the community, his history and characteristics militate against pretrial release. Of particular significance is that Defendant has two prior felony convictions, one as recent as February 2000.

Finally, the undersigned is satisfied that the toll which unlawful possession of weapons has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the government's evidence compels the conclusion that there is no condition or combination of conditions which would reasonably assure the safety of the community.

## V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the January 17, 2006 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

January 24, 2006
DATE